BOYD, Justice.
These cases, consolidated by Order of the Court dated June 16, 1972, are before us on petitions for writ of certiorari and' for consideration of various motions.
Upon consideration of the record and briefs, we have determined that we have no constitutional basis for exercising jurisdiction.
This Court has twice in recent years considered petitions from the West Flagler dog track and twice held that it was an abuse of discretion for the state racing authorities not to allocate the summer racing dates to West Flagler rather than to the Biscayne Kennel Club dog track. See West Flagler Associates, Ltd. v. Board of Business Regulation, 241 So.2d 369 (Fla.1970) and West Flagler Associates, Ltd. v. Division of Pari-Mutuel Wagering, 251 So.2d 856 (Fla.1971).
However, in the case last decided (West Flagler Associates, Ltd. v. Division of Pari-Mutuel Wagering, supra) we indicated that an actual test of the racing performances of the two tracks, West Flagler and Biscayne, appeared to be in order to try to equitably settle the controversy as to which of the two tracks could best perform.
In that case we noted the Board of Business Regulation had agreed a performance test between the two tracks was appropriate but that it ordered the test to be made by splitting the 1971-72 racing dates allocated to the two tracks.
We quashed the splitting of the allocated dates to the two tracks as an abuse of discretion because we considered split dog track racing dates were not sufficiently comparable to provide a reasonably equitable test. Instead, we indicated that the test should be made by a comparison of the performance of the two tracks during “straight summer seasons” in alternate years. In accord therewith, we allocated the straight summer racing dates in 1972 to West Flagler.
In this connection we said:
“As to the Board’s order regarding Flagler and Biscayne, the objective an *509 nounced there seems to be a reasonable one, to obtain a comparison performance on alternate summer dates between the two relatively ‘comparable tracks,’ as it found Biscayne and Flagler to be. This is in the exercise of a reasonable discretion on the part of the Board which we must uphold. It is in the instances of an abuse of discretion in making an unreasonable or unsupported award, or one contrary to those factors established in the determination of the fixing of dates, or an erroneous application of the law, or a departure from the essential requirements of the law, that a court is justified in disturbing administrative orders.
“A comparison of performances as thus ordered between these two tracks, however, would be most fairly and best afforded by the awarding of straight summer seasons rather than so-called ‘split dates’ applied by the Board.
“It would further be expected as a reasonable extension of this plan of comparative results for the future, that upon the Board being then fortified with this information, it would, beginning with September 1973, equitably determine and award continuous dates to all Dade tracks. Due consideration must be given to all applicable factors, to the end that equitable continuous dates for each track may be determined and awarded by the Board each year.” (At 859)
To be consistently fair, we are bound by what we said in our 1971 opinion relative a performance test, to affirm the straight summer racing dates in 1973 to Biscayne Kennel Club, having already allocated the 1972 summer racing dates to West Flagler. Beginning with the allocation of future dates in September 1973, with the test information in hand, the racing authorities can “equitably determine and award continuous dates to all Dade tracks” in future years.
As we read the transcript of evidence in this case which was considered by the Board of Business Regulation and its action thereon, as well as the Third District Court decision reviewing the same, those two authorities took us at our word as it appears in our 1971 decision. Moreover, they found no reasons from the facts brought to the attention of the Board of Business Regulation to exercise their reasonable discretion or judicial authority to the contrary and depart from our pronouncements in our 1971 decision. That is to say, the Board of Business Regulation did not consider from the showing before it that it should exercise its administrative discretion in variance with our 1971 pronouncement that there should be a comparison test between the two tracks during the alternate straight summer racing seasons of 1972 and 1973. It found the two tracks comparable — at least to the extent such a test between them was in order.
In future race date allocations the Board of Business Regulation and this Court, if either track is aggrieved and comes here, can consider the test of 1972 and 1973 as well as other “equitable considerations” looking to “award continuous dates to all Dade tracks.” It is to be devoutly wished, however, that this Court will in the future be spared of further duty to settle judicially administrative decisions concerning the highly controversial racing dates of South Florida racing tracks. Perhaps the performance tests heretofore prescribed by this Court for dog tracks will suffice.
Accordingly, the petitions for writ of certiorari and various accompanying motions are denied.
Due to the time factors involved and the fact that this Court has thoroughly and completely considered the cause, the privilege of filing rehearing is dispensed with and the mandate shall be released immediately.
It is so ordered.
ROBERTS, C. J., and ERVIN and DEKLE, JJ., concur.
*510 ADKINS, J., dissents with opinion.
CARLTON and McCAIN, JJ., dissent and concur with ADKINS, J.