BOYD, Justice
(dissenting).
I dissent to the majority opinion.
The only question before the Court is whether the Board of Business Regulation correctly followed the law in fixing racing dates on a fiscal year basis beginning on July 1 and ending on June 30 of each year.
Prior to 1969, dog racing was required by statute to be on a calendar year basis. Section 550.083(1), Florida Statutes, F.S. A., (1967) provided:
“Owners of valid outstanding permits for dog racing in this state may hold race meetings at any time they choose during the calendar year for the aggregate number of racing days fixed and permitted by law and subject to the approval of the state racing commission; provided, that no racing shall be conducted on Sunday.”
By enacting Chapter 69-250 (Section 550.083(1), Florida Statutes, F.S.A., the Legislature provided for dog racing dates to be set on a fiscal year basis:
“Owners of valid outstanding permits for dog racing in this state may hold race meetings at any time they choose during the fiscal year for the aggregate number of racing days fixed and permitted by law and subject to the approval of the board of business regulation; provided, that no racing shall be conducted on Sunday.”
The majority opinion finds difficulty in construing the above section as to Legislative intent. I find no such problem. Section 215.01, Florida Statutes, F.S.A., defines fiscal year as follows:
“Fiscal year. — The fiscal year shall begin on the first day of July and end on the thirtieth day of June in each and every year.”
Applying the above statutory definition of “fiscal year” to the latter statute, which requires racing dates to be fixed on a “fiscal year” basis, should lead to the conclusion reached by the Board of Business Regulation that dog racing dates must be set between July first and June thirtieth annually.
The Board correctly followed the opinion of the Third District Court of Appeal in West Flagler Associates, Ltd. v. Board of Business Regulations, 262 So.2d 23 (Fla.App.3d 1972), which decision was reviewed and approved by this Court in West Flagler Associates, Ltd. v. Board of Business Regulations, 265 So.2d 507 (Fla.1972).
The District Court of Appeal correctly construed the above statute fixing dog racing dates on a “fiscal year” basis from July 1 to June 30 annually. Because the decision did not conflict with a prior decision of this or other Florida Appellate Courts, certiorari was denied.
In the dissenting opinion, filed at 265 So.2d 510, it was argued that the Third District had created conflict with prior decisions of this Court, in construing Section 550.083(1), to require dog racing dates to be set on a fiscal year basis from July 1 to *831 June 30 annually. This argument was considered and rejected by the majority and became res judicata. It is improper at this time to consider it as the basis for jurisdiction here. Courts should be consistent and not switch positions on the same issue from time to time.
I do not know why the Florida Legislature changed the law to provide dog racing dates to be set on a fiscal year basis instead of a calendar year.
It is not my duty to be concerned with the reasons for or desirability of the change in the law. My obligation is to read and construe the law. If a change is needed, the Legislature can make the change.
For the above reasons, I respectfully dissent.
ROBERTS, Justice
(abstaining).
The Legislature of Florida is now in session and in my opinion the controlling question in this case is one primarily of their jurisdiction. It appears that the Legislature now has under consideration and study proposed legislation concerning same. Furthermore, no oral argument has been heard in this case and I do not find that degree of emergency necessary to support an order of this Court waiving same.
Accordingly, I think the decision at this time is premature and out of comity to the legislative branch of the government. I would defer action here until that body has had an opportunity to conclude its deliberation.
Accordingly, although I do not differ with the dissenting opinion of Boyd, J., I respectfully abstain from participation.